UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD ROBERTS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No.  2:11CV00018 AGF |
| ) | |
| DAWN FOOD PRODUCTS, INC., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Clifford Roberts' motion dated August 26, 2011, for leave to file an amended complaint.  Plaintiff filed this action on November 8, 2010, under the Fair Labor Standards Act ("FLSA"), individually and on behalf of all others similarly situated.  Plaintiff, who worked at Defendant Dawn Food Products, Inc.'s Mexico, Missouri, facility, alleges that various practices by Defendant resulted in the payment of less than minimum wages to him and all other members of the putative class in violation of the FLSA and Missouri wage and hours laws.  The putative class consists of other similarly situated workers at the Mexico, Missouri facility.

The Case Management Order ("CMO") issued on May 13, 2011, provided that amended pleadings had to be filed by July 8, 2011.  Plaintiff allowed Defendant extra time to respond to Plaintiff's discovery request for Defendant's Companywide Handbook, which Defendant eventually provided on August 10, 2011.  On August 16, 2011,

Plaintiff's counsel informed Defendant's counsel of Plaintiff's intention to file an amended complaint that would elaborate on the facts regarding Defendant's challenged practices, and expand the putative class to include similarly situated workers at all of the Defendant's facilities in the United States.  On August 24, 2011, Defendant's counsel told Plaintiff's counsel that Defendant would object to a motion for leave to amend, whereupon the present motion was filed on August 26, 2011.  Plaintiff asserts that it became aware of the expanded class upon review of Defendant's Companywide Handbook.

Defendant does not object to the motion to amend insofar as the proposed amended complaint elaborates upon the factual allegations supporting Plaintiff's claims, but Defendant does object to Plaintiff's attempt to expand the putative class.  Defendant argues that Plaintiff contemplated expanding the scope of the class well before the July 8, 2011 deadline for filing amended pleadings, and further, that there is no evidence upon which to base a claim that practices followed at the Mexico, Missouri facility were followed at Defendant's other facilities.

Pursuant to Federal Rule of Civil Procedure 16(b), Plaintiff must show "good cause" for its late motion for leave to amend.  "The primary measure of good cause is the movant's diligence in attempting to meet the [Court's CMO's] requirements."  *Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011) (quoted source omitted).

Here, the motion to amend comes within several weeks of the deadline to do so, and at least part of this delay can be attributed to Defendant's late discovery response.

The Court does not perceive a lack of diligence on Plaintiff's part. *Cf. Barstad v. Murray Cnty.,* 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend under Rule 16(b) because the plaintiffs had eight months to request an amendment of the scheduling order and knew of the claims they sought to add when they filed the original complaint).

Defendant's argument that there is insufficient evidence to support Plaintiff's assertion that workers at other facilities are similarly situated to Plaintiff can be addressed at the conditional certification stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file his proposed amended complaint is **GRANTED**. [Doc. No 34]

**IT IS FURTHER ORDERED** that to the extent the parties believe that other dates in the CMO should be amended in light of the above ruling, the parties shall submit, on or before September 20, 2011, a joint proposal for such amendment.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2011.